**James E. ROBERTS, Plaintiff,**

v.

**CHARTER NATIONAL LIFE INSURANCE COMPANY, a Missouri corporation; Leucadia National Corporation, a New York corporation; and Joseph Steinberg, Defendants.**

**No. 84–0297–CIV–KING.**

United States District Court, S.D. Florida, Miami Division.

Jan. 16, 1985.

---

**493**

the exhibit is offered in evidence, the trial judge has the benefit of full development of all relevant facts constituting the introductory predicate for admission of the item or statement. Motions in limine rarely provide this factual background.

Other factors causing the Judges of the Southern District of Florida to generally not favor motions in limine are:

1. The problem may never arise, in which event the time spent on such a hearing is wasted. For example:
   A. The plaintiff may elect, at trial not to offer the document.
   B. The case may be settled (92% of civil litigation in U.S. Courts settles).
   C. The attorneys may agree on admission of the document or a summary thereof.

It is therefore ORDERED, ADJUDGED, and DECREED that defendant's motion in limine be and the same is hereby denied without prejudice to reassert at the time of trial if circumstances so warrant.

Thomas Meeks, Floyd Pearson Richman Greer Weil Zack & Brumbaugh, P.A., Miami, Fla., for plaintiff.

John R. Squitero, Katz, Barron, Squitero, Linden & Gaust, Miami, Fla., Homer L. Marlow, Marlow Shofi Smith Connell Demahy & Valerius, Coconut Grove, Fla., for defendants.

ORDER DENYING DEFENDANT CHARTER NATIONAL LIFE INSURANCE COMPANY'S MOTION IN LIMINE

JAMES LAWRENCE KING, Chief Judge.

Defendant's motion in limine seeks a pretrial ruling on the admissibility of evidence at trial. Consideration of evidentiary rulings on an item by item, piecemeal, basis is counter-productive to the effective administration of justice in a busy trial court. When these rulings are made at the time